526

### In re DEITEL.
### No. 21516.

District Court, E. D. New York.
May 27, 1938.

Hilbert I. Trachman, of New York City, for trustee.

Isidore Rosenfeld, of New York City, for Pincus Korman.

BYERS, District Judge.

The Court has been asked to review upon petition an order of a referee denying a motion made by the petitioner Pincus Korman for a rehearing of a turn-over order against him, dated December 22, 1936.

No appeal was taken therefrom, and after much delay and as the result of con-tempt proceedings, the petitioner was taken into custody and there remains.

His application to be released, upon the alleged ground that he is financially unable to comply with the order, has been the subject of careful scrutiny and the taking of much evidence, with the result that the motion has been denied for the reason that the showing made by and on his behalf is substantially devoid of merit.

The present and co-pending application has to do with alleged newly discovered evidence as recited in motion papers verified April 9, 1938. The discovery was made on June 10, 1937, so that it was stale, not new, ten months later.

It consisted in the giving of testimony by a City Marshal at material variance with what he had deposed on at least two prior occasions, once before the same referee.

The discovery was that the Marshal was a flexible vehicle of truth when on the witness stand, and that his testimony should be viewed in that light. When his personal responsibility was at stake, he said one thing, and when it was not, he said another.

The referee declined to rehear the matter, deeming the reasons advanced to be lacking in the power to persuade; it is difficult to see how he could have come to any other conclusion.

There are other aspects of the matter which should be mentioned, lest it be thought that the application has not been fully considered.

The turn-over was based upon the coming into possession by Pincus Korman, of a substantial stock of merchandise that belonged to his uncle, the bankrupt, and therefore to his creditors.

The proof took the turn of establishing this through the illegality of the Marshal's sale under execution of a Municipal Court judgment obtained on the eve of bankruptcy by Korman, under circumstances that might appear to be interesting if entirely exposed to view. In litigation in the State Courts against the Marshal, that sale has now received judicial sanction, and the argument is that in consequence Korman got good title to the merchandise, and everybody is wrong who thought that the trustee in bankruptcy was entitled thereto for the benefit of creditors.

That does not follow. The judicial vindication of the City Marshal, while fortuitous as to him, does not touch the ques-

tion of preference which was one basis of the trustee's turn-over motion.

If Korman were to be reinstated in his ownership of the merchandise, which by no means would inevitably follow from a re-hearing of the summary proceeding, he would still be required to surrender his preference and would be no better off than he is now.

Upon the record as a whole, it is concluded that, even in the expansive "interests of justice" argument, nothing has been shown which would have indicated the expediency of granting the application.

The petition to review the referee's order is denied. Motion to confirm granted. Settle order.